IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT LEE SMITH                                                                   PLAINTIFF

vs.                                       Civil No. 4:12-cv-04002

MICHAEL J. ASTRUE                                                                DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Robert Lee Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his SSI application on June 15, 2009. (Tr. 10, 110-116). In his application, Plaintiff alleges being disabled due a herniated or ruptured disc in his back. (Tr. 133). Plaintiff claims this impairment results in the following limitations: "my back pushes down on the back of my lower buttocks area causing a tumor. my leg area is totally numb causing a tumor on my foot. i have pain in my back, legs, everywhere." *Id.* Plaintiff alleges an onset date of July 19, 2000.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

(Tr. 10, 110). This application was denied initially and again upon reconsideration. (Tr. 52-53). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 65-67, 70-71). Plaintiff's administrative hearing was held on July 26, 2011 in Texarkana, Arkansas. (Tr. 23-51). Plaintiff was present and was represented by Greg Giles. *Id.* Only Plaintiff testified at this hearing. *Id.*

On September 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2009, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: lumbrosacral back ache with legal pain; status post incision to remove mass on buttocks, ganglion cyst of right foot and laminectomy at the L-5 level; degenerative disc disease of the lumbar spine; chronic back pain; and obesity. (Tr. 12, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 3).

The ALJ determined Plaintiff was forty-six (46) years old on his application date. (Tr. 17, Finding 6). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI). *Id.* The ALJ also determined Plaintiff had a limited education and was able to communicate in English. (Tr. 17, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 416.967(a).

*Id.* The full range of sedentary work includes the following:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 17, Finding 5). The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18, Finding 9). To make this determination, the ALJ relied upon the Medical-Vocational Guidelines ("Grids"). (Tr. 18, Finding 9). In accordance with Rule 201.19 of the Grids, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy. *Id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability, as defined in the Act, from June 15, 2009 (the date Plaintiff's application was filed) through September 23, 2011 (the date of the ALJ's decision). (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 1-3). On December 13, 2011, the Appeals Council declined to review this unfavorable decision. *Id.* On January 10, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 23, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff raises the following three arguments for reversal[2]: (A) the ALJ erred by failing to consider his inability to afford medical treatment; (B) the ALJ erred by failing to develop the record; and (C) the ALJ did not properly consider his subjective allegations of disabling pain. ECF No. 8 at 1-19. In response, Defendant argues that substantial evidence supports the ALJ's RFC finding, the ALJ properly developed the record, the ALJ properly considered Plaintiff's subjective complaints, and the ALJ properly found Plaintiff was not disabled at Step Five of the sequential analysis. ECF No. 9. The Court will address each of Plaintiff's arguments for reversal.

---

[2] Plaintiff provided different argument headers in his briefing than those listed here as (A) through (C). However, upon review of the substance of the briefing, these are the actual arguments Plaintiff has raised.

### A. Inability to Afford Treatment

Plaintiff claims the ALJ erred by failing to consider his inability to afford medical treatment.[3] *Id.* In his opinion, the ALJ discounted Plaintiff's subjective complaints partly because Plaintiff sought treatment that was "essentially routine and/or conservative in nature." (Tr. 15). Plaintiff claims the ALJ improperly found he only sought conservative treatment without also considering whether he could afford more extensive treatment (such as back surgery). ECF No. 8 at 6-12. To support his claim, Plaintiff references his testimony at the administrative hearing wherein he claimed he could not afford back surgery. *Id.*

The Eighth Circuit has held that an inability to afford medical treatment may be considered when evaluating a claimant's alleged disability. *See Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir. 1984) (holding "a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be . . . an independent basis for finding justifiable cause for noncompliance [with treatment]"). However, a claimant's bare argument that he or she cannot afford treatment is not sufficient. *See, e.g., Brown v. Apfel,* 221 F.3d 1341, 1341 (8th Cir. 2000). Indeed, a claimant must present some evidence demonstrating he or she "sought to obtain any low-cost medical treatment" from a doctor or from clinics and hospitals or "had been denied medical care because of . . . [a] . . . financial condition." *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992).

In the present action, Plaintiff offers no more than his bare claim that he cannot afford

---

[3] In this section of his briefing, Plaintiff also alleges the ALJ erred by failing to properly consider his allegations of chronic pain. ECF No. 8 at 6-12. This issue will be discussed in the final section of this opinion. Further, Plaintiff appears to allege the ALJ erred by relying upon the Grids. ECF No. 8 at 6-12. Plaintiff, however, provides no specific briefing on this issue as it relates to his case. Accordingly, this issue will not be addressed further.

medical treatment and back surgery. (Tr. 35-36, 43-44). He has presented no evidence that he sought low-cost medical treatment or had been denied medical care because of his inability to pay. *See Murphy,* 953 F.2d at 386-87. His allegation that he has no money for medical treatment is further undercut by the fact that he reportedly "[d]rinks 3 to 4 alcoholic drinks per day" and smokes a "[h]alf pack of cigarette per day." (Tr. 313). *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (recognizing that expenditures on non-necessities such as cigarettes undercut a claimant's allegation that he or she is unable to afford medication or treatment). Accordingly, the Court finds the ALJ did not err in considering Plaintiff's alleged inability to afford treatment as an excuse for his failure to seek medical treatment.

      **B.**      **ALJ's Development of the Record**

Plaintiff claims the ALJ failed to fully develop the record in his case. ECF No. 8 at 12-16. In making this argument, Plaintiff references the ALJ's statement at the administrative hearing in this matter wherein the ALJ stated the findings from the consultative examinations were not credible because they were not based upon any objective testing: "The problem is we don't have any x-rays, MRIs, you know, findings to back up any of those conclusions [inaudible]." (Tr. 50). Plaintiff claims that if the ALJ thought such additional testing were necessary, the ALJ was required to order it because he was required to develop the record. ECF No. 8 at 12-16.

As an initial matter, in stating the findings of the consultative examiners were not supported by objective testing, the ALJ did not indicate the record needed to be further developed; instead, the ALJ was focusing upon the *weight* those reports should be afforded because they are not supported by objective test results. Further, even if the ALJ was stating the record required further development, Plaintiff does not demonstrate he was prejudiced by the ALJ's alleged failure to

7

develop the record and obtain additional testing to assess his back pain. Because Plaintiff has made no showing of prejudice, no remand to develop the record is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand [for further development of the record]"). *See also Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995) (requiring a showing of unfairness or prejudice for a remand).

### C. Credibility Determination

Plaintiff claims the ALJ erred in evaluating the credibility of his subjective complaints. ECF No. 8 at 16-19. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis. The ALJ summarized Plaintiff's subjective complaints and the medical records. (Tr. 13-17). After summarizing these complaints and records, the ALJ then provided several reasons for discounting Plaintiff's subjective complaints. *Id.* Notably, the ALJ found the following: (1) Plaintiff's daily activities "are not limited to the extent one would expect, given the complaints of disabling limitations and symptoms"; (2) Plaintiff primarily sought conservative treatment and conservative medication and "[t]here have been relatively few doctor visits"; (3) there were no opinions from treating or examining physicians indicating Plaintiff was disabled; (4) Plaintiff did not have a consistent work history for the period prior to his alleged onset; and (5) Plaintiff provided conflicting information regarding his past work and his level of education. (Tr. 15). These findings are sufficient to support the ALJ's credibility determination. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (holding that "[Q]uestions of credibility are for the [ALJ] in the first instance. If an ALJ explicitly discredits a claimant's

9

testimony and gives a good reason for doing so, we will normally defer to that judgment") (citation omitted). *See also Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (noting that a discussion of every *Polaski* factor need not be included in the ALJ's opinion).

As a final point under this section, Plaintiff argues periodically throughout his briefing that the ALJ erred by failing to adopt all of the findings of the consulting physicians Dr. Shailesh C. Vora, M.D. (Tr. 312-315) and Dr. George T. Gray, D.O. (Tr. 297-303). ECF No. 8. Drs. Vora and Gray are, however, one-time examining physicians, and the ALJ was not required to adopt their opinions. *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (holding that "[g]enerally, if a consulting physician examines a claimant only once, his or her opinion is not considered substantial evidence"). Thus, in accordance with *Charles,* the ALJ was not required to adopt all of their findings.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of December 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE